IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHRISTOPHER M. KALINOWSKI                                                      PLAINTIFF

V.                                             NO. 13-5008

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Christopher M. Kalinowski, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability, and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C.§ 405(g).

I.     **Procedural Background:**

Plaintiff protectively filed his applications for DIB and SSI on June 7, 2010, alleging disability since March 30, 2007, due to complete body problems, back, knee joints, depression, bi-polar disorder, and shoulder problems.  (Tr. 110-125, 150-155, 155).  An administrative hearing was held on August 8, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 35-60).

By written decision dated September 14, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe -

deformity of the foot and ankle, obesity, history of bipolar disorder, anxiety, intermittent explosive disorder, and personality disorder. (Tr. 15). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). He can occasionally lift and/or carry 10 pounds, frequently lift and/or carry up to 10 pounds, stand and/or walk at least 2 hours out of an 8-hour workday, and sit at least 6 hours out of an 8-hour workday, all with normal breaks. The claimant can perform simple, repetitive tasks with no more than incidental contact with the public.

(Tr. 17). With the help of a vocational expert (VE), the ALJ determined Plaintiff was not capable of performing his past relevant work, but that there were other jobs Plaintiff would be able to perform, such as production assembler and machine operator. (Tr. 22-23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on November 13, 2012. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). The case is before the undersigned pursuant to the consent of the parties. (Doc. 9). Both parties have filed appeal briefs and the case is now ready for decision. (Docs. 14-16).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.　　Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576,

583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial

AO72A
(Rev. 8/82)

gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.    Discussion:

Plaintiff makes the following arguments on appeal: 1) The ALJ failed to consider all medical evidence in assessing Plaintiff's RFC; 2) The ALJ failed to base the finding on the opinion of Plaintiff's treating physician, Dr. Robin Ross and the consultative examiner, Dr. Efird, in assessing Plaintiff's RFC; 3) The ALJ failed to sustain his burden of establishing that there is other work in the national economy that Plaintiff can perform; and 4) The ALJ failed to properly evaluate Plaintiff's credibility. (Doc. 14).

####    A.    RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of

Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

Plaintiff argues that the ALJ's decision fails to make any mention of Dr. Efird's report or comments regarding Plaintiff's ability to sustain gainful employment or to give it any weight. On the contrary, the ALJ discusses Dr. Efird's evaluation, performed on August 4, 2010, in detail. (Tr. 20-21). In addition, the ALJ gave the Mental RFC Assessment given by Dr. Cheryl Woodson-Johnson, dated August 9, 2010, considerable weight. (Tr. 22). A review of the record reveals that Dr. Woodson-Johnson had before her Dr. Efird's opinion, and she reported that Plaintiff retained significant independence and adaptive ability and had not had a full blown psychiatric decompensation. (Tr. 440). She further reported that Plaintiff had been treated for substance abuse which was currently resolved, and that he may have some pre-morbid issues related to comprehension. She opined, however, that this would not preclude his engaging in the completion of simple, routine work related activities. (Tr. 440). Finally, the ALJ's RFC Assessment took into account Plaintiff's mental limitations by finding that Plaintiff could perform only simple, repetitive tasks, with only incidental contact with the public. (Tr. 17).

Based upon the foregoing, and for those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the fact that the ALJ gave sufficient consideration to Dr. Efird's opinion.

Plaintiff next argues that the ALJ failed to base the finding on the opinion of Plaintiff's treating physician, Dr. Robin Ross, and the consultative examiner, Dr. Efird, in assessing Plaintiff's RFC. The Court previously addressed the ALJ's consideration of Dr. Efird's opinion. With respect to Dr. Robin Ross' opinion, the ALJ carefully discussed Dr. Ross' medical assessment form which was completed on June 21, 2011. (Tr. 21). Plaintiff began seeing Dr. Ross on August 17, 2010, and saw Plaintiff six times thereafter. (Tr. 442, 450, 451, 453). In her most recent assessment, Dr. Ross noted that Plaintiff's functioning was better with increase in Lorazapam, and that his activities of daily living remained poor and always would. (Tr. 453). However, there was no indication in her previous records that Plaintiff had difficulty with his activities of daily living. In her medical assessment, Dr. Ross gave Plaintiff severe limitations and in support thereof, reported that "interviews in office reflect above level of functioning." (Tr. 457). The ALJ found that Dr. Ross' opinion was not consistent with the overall record, and did not give Dr. Ross' opinion controlling weight. (Tr. 22). The Court believes the ALJ gave sufficient reasons for not giving Dr. Ross' opinion controlling weight.

Based upon the foregoing, and for those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's RFC assessment and the weight he gave to the opinion of Dr. Ross.

### C. Other Work in National Economy:

Plaintiff argues the DOT number identified by the VE as Production Assembler is incorrect, and that there is no job listed in the DOT for that number. In her brief, Defendant concedes that the DOT does not contain an occupation number 715.697-094. However, Defendant argues that the VE simply made a mistake, and the correct DOT number is 715.687-

094, which refers to Mounter, Clock and Watch Hands, which is a sedentary, level one reasoning position.[1] The second position identified by the VE was what she referred to as a machine operator - DOT number 726.684-110. This position is entitled "Touch-up Screener, Printed Circuit Board Assembly." DOT number 726.684-110. This position is a sedentary level 2 reasoning position.[2] Even if the Court were to conclude that the position involving level 2 reasoning would require more than Plaintiff's RFC assessment allows, the first job would nevertheless fit within Plaintiff's RFC assessment. Therefore, any error made with respect to the second position would be harmless error. See Brown v. Colvin, No. 4:12CV3260, 2014 WL 200234 at n. 19 (D. Neb. Jan. 16, 2014).

Based upon the foregoing, the Court believes there is substantial evidence to support the ALJ's finding that there are other jobs Plaintiff would be able to perform.

### C. Credibility Determination:

Plaintiff argues that the ALJ failed to properly evaluate Plaintiff's credibility. The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's

---

[1] Level 1 Reasoning in this position is described as "Apply commonsense understanding to carry out simple one- or two-step instructions. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job." DOT 715.687-094.

[2] Level 2 Reasoning in this position is described as "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situation." DOT 726.584-110.

subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms were not credible. (Tr. 19). The ALJ discussed Plaintiff's daily activities, and the fact that Plaintiff had no problems with personal care, other than reminders, was able to perform minor household repairs, and shop for groceries. (Tr. 16-17, 19, 172). Plaintiff himself reported he took his son to school, did very light housekeeping, took medication, took naps, picked up his child from school, helped with his homework, watched television, and attended AA and NA meetings. (Tr. 172). The ALJ also noted that Plaintiff had a history of substance abuse and had a weak work record. (Tr. 19). "The claimant's work history and the absence of objective medical evidence to support the claimant's complaints are also relevant" in credibility determinations. Finch v. Astrue, 547 F.3d 933, 935 (8th Cir. 2008).

The ALJ reported that Plaintiff was only taking over-the-counter analgesics for his body aches. (Tr. 19, 171, 196). With respect to the side effects of medications, the ALJ concluded that the medical evidence of record did not substantiate the severity of the condition. The Court notes that Plaintiff rarely reported any side effects of the medication to the medical providers.

Based upon the foregoing, as well as those reasons given in Defendant's well-stated brief, and after reviewing the record as a whole, the Court finds that there is substantial evidence to support the ALJ's credibility findings.

**IV.	Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 27th day of January, 2014.

/s/ *Erin L. Setser*
　HON. ERIN L. SETSER
　UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)